UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD POLANCO,

                       Petitioner,

            -against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                      Respondent.
------------------------------------------------------------X

06 Civ. 1721 (RMB)(DFE)

**DECISION AND ORDER**

## I. Background

On or about February 17, 2006, Richard Polanco ("Polanco" or "Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Robert Ercole, Superintendent of the Green Haven Correctional Facility ("Respondent"), challenging his conviction rendered on October 15, 2001, following a jury trial in New York State Supreme Court, New York County, of second-degree murder in violation of N.Y. Penal Law § 125.25[1]. (Petition at 1.) On December 6, 2001, Petitioner was sentenced to an indeterminate term of twenty-two years to life imprisonment. (Petition at 1.) On December 7, 2004, the New York State Appellate Division, First Department, affirmed Polanco's conviction, see People v. Polanco, 13 A.D.3d 100, 786 N.Y.S.2d 437 (1st Dep't 2004), and on February 18, 2005, the New York State Court of Appeals denied Polanco's application for leave to appeal, see People v. Polanco, 4 N.Y.3d 802, 795 N.Y.S.2d 177 (N.Y. Feb. 18, 2005) (Table).

In his Petition, Polanco reargues substantially the same arguments that he made before the state courts, namely, that: (1) he "was denied effective assistance of counsel where his counsel allowed facts supporting the finding of an illegal arrest . . . but then failed to properly request a hearing . . . to suppress key evidence tainted by prior illegal arrest"; and (2) his sentence "was unduly excessive and harsh." (Petition at 4.)

On or about November 9, 2006, Respondent served and filed a motion to dismiss the Petition, arguing that: (1) "[P]etitioner's ineffective assistance of trial counsel claim is unexhausted because he has not filed a post-judgment motion raising the claim"; and (2) "[P]etitioner's sentencing claim is unexhausted" because "[P]etitioner may still be able to move for the trial court to set aside his sentence due to a constitutional violation, pursuant to New York Criminal Procedure Law § 440.20(1)." (Memorandum of Law in Support of Motion to Dismiss, dated November 8, 2006 ("Respondent's Memorandum"), at 5–7.)

On or about November 27, 2006, Petitioner submitted a letter to Magistrate Judge Douglas F. Eaton, to whom the matter had been referred, requesting that Petitioner "be granted a ninety day (90) day grace [period]" and that "this action be placed in a lay file [sic] so a lower court action can be filed and heard." (Petitioner's Letter to the Court, dated November 27, 2006 ("Nov. 27 Letter"), at 2.)

On or about July 5, 2007, Judge Eaton issued a thorough and thoughtful Report and Recommendation ("Report") recommending that the Court deny the Petition "for lack of exhaustion." (Report at 16.) The Report instructed that "any party may object to this [Report] within 10 business days after being served with a copy, i.e., no later than July 24, 2007, by filing written objections with the Clerk of the U.S. District Court." (Report at 16.)[1] Neither Petitioner nor Respondent submitted objections to the Report.

**For the reasons stated below, the Report is adopted in its entirety, and the Petition is dismissed.**

---

[1] Judge Eaton also recommended that the Court deny Petitioner's request that the Court "appoint counsel to represent him in this habeas proceeding" (Report at 15), because there was "no 'likelihood of merit' in Polanco's petition" (Report at 16 (quoting Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001))).

2

II.  **Standard of Review**

The Court may adopt those portions of a magistrate judge's report as to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally accorded," Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

III.  **Analysis**

The Court has conducted a review of the Report (and applicable legal authorities) and finds that Magistrate Judge Eaton's determinations and recommendations are not clearly erroneous and are, in fact, supported by the law and the record in all respects. See Pizarro, 776 F. Supp. at 817. Judge Eaton properly concluded, among other things, that: (1) "Polanco never presented the state courts with the 'facts outside the record, particularly as to the information available to counsel,'" and "[t]he remedy of a [New York Criminal Procedural Law] 440.10 motion [to vacate] is still available to Polanco"; and (2) Polanco's claim that his sentence was excessive "is unexhausted, whether there remains any state remedy or not, because no claim was fairly presented to the highest state court that the sentence violated the U.S. Constitution." (Report at 10–11 (quoting People v. Polanco, 13 A.D.3d 100, 786 N.Y.S.2d 437 (1st Dep't 2004)).)

Judge Eaton also properly concluded that Polanco's "request for a stay 'so a lower court action can be filed and heard'" (Report at 12 (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005)), should be denied because "[w]hen a petition contains only unexhausted claims, the case

3

law is clear that our Court has no jurisdiction to stay the [P]etition." (Report at 12 (citing Shomo v. Maher, No. 04 Civ. 4149, 2005 WL 743156, at *7 n.12 (S.D.N.Y. Mar. 31, 2005)).) And, Judge Eaton properly concluded that because there was "no 'likelihood of merit' in Polanco's petition," he did "not qualify for appointed counsel." (Report at 16 (quoting Carmona, 243 F.3d at 632).)

IV.   **Certificate of Appealability**

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court will not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

V.   **Conclusion and Order**

For the foregoing reasons, the Court adopts the Report in its entirety, and the Petition is dismissed. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       July 31, 2007

_RMB_
RICHARD M. BERMAN, U.S.D.J.